1
2
3
4                          UNITED STATES DISTRICT COURT
5                       NORTHERN DISTRICT OF CALIFORNIA
6

7    JACQUELINE TAUSCHER,                    Case No. 23-cv-03776-JSC
8                  Plaintiff,
                                             ORDER ADOPTING REPORT AND
9           v.                               RECOMMENDATION, DISMISSING
                                             ACTION WITHOUT PREJUDICE, AND
10   ERIC A. HANSHEW,                        DENYING MOTION TO APPOINT
                                             COUNSEL
11                 Defendant.
                                             Re: Dkt. No. 5
12

13          Plaintiff Jacqueline Tauscher, proceeding without attorney representation, brings claims

14   against Defendant Eric Hanshew, her former husband, and seeks to proceed *in forma pauperis*.

15   (Dkt. Nos. 1, 3.)[1]  Magistrate Judge Thomas Hixson granted Plaintiff's application to proceed *in*

16   *forma pauperis* and recommended the Court dismiss her complaint without leave to amend for

17   failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Dkt. No. 5.)  Plaintiff timely filed

18   an objection and requested the appointment of an attorney.  Having reviewed the matter de novo,

19   the Court ADOPTS Magistrate Judge Hixson's recommendation as set forth in this Order,

20   DISMISSES without prejudice for lack of subject-matter jurisdiction, and DENIES Plaintiff's

21   motion to appoint counsel.

22      **1. Plaintiff Has Failed to Establish Federal Subject Matter Jurisdiction**

23          Plaintiff asserts subject matter jurisdiction based on federal question jurisdiction under 28

24   U.S.C. § 1331.[2]  (Dkt. No. 1 at 2.)  Her complaint alleges a violation of two federal laws: Respect

25

26   ─────────────────
     [1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the
27   ECF-generated page numbers at the top of the documents.
     [2] While Plaintiff checked both federal question and diversity in the jurisdiction section of her
28   complaint, Plaintiff only alleges federal question jurisdiction.  (Dkt. No. 1 at 2, 11-13.)  Plaintiff
     alleges that both of her claims arise out of a violation of federal law.  (*Id.* at ¶¶ 40-49.)

United States District Court
Northern District of California

for Marriage Act, 28 U. S.C. § 1738C, and Equal Rights Under the Law, 42 U.S.C. § 1981.  Thus, the Court has subject-matter jurisdiction on this basis.

The *Rooker-Feldman* doctrine nonetheless deprives the Court of jurisdiction to hear Plaintiff's claims.  The *Rooker-Feldman* doctrine bars federal district courts from hearing appeals or de facto appeals from state-court judgments.  *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923); *see also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003) ("If claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules, then the federal complaint must be dismissed for lack of subject matter jurisdiction.") (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483-85 (1983)).  To determine whether an action is a de facto appeal, courts "pay close attention to the relief sought by the federal-court plaintiff."  *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (quoting *Bianchi*, 334 F.3d at 900).

Plaintiff's complaint seeks relief from injuries stemming from a Maricopa County Superior Court ruling on dissolution of marriage, which included custody and division of property.  (Dkt. No. 1. ¶¶ 46-49; *see Tauscher v. Hanshew,* No. 1 CA-CV 15-0661 FC, 2017 WL 1364864 (Ariz. Ct. App. Apr. 13, 2017) (affirming Maricopa County Superior Court's ruling.)  Specifically, Plaintiff requests custody of her minor daughter and asserts financial rights based on a "false claim of a 'certified' Dissolution of Marriage."  (Dkt. No. 1 ¶ 48.)  Because the alleged legal injuries arise from the state court's purportedly erroneous judgment and the practical effect of the relief sought would be to reverse the superior court's ruling on dissolution of marriage, Plaintiff's complaint constitutes a de facto appeal from that ruling.  Accordingly, the Court lacks jurisdiction to adjudicate Plaintiff's claims.

### 2.  Res Judicata Bars Plaintiff's Claims

Even if the Court had jurisdiction, Plaintiff is precluded from re-alleging claims that were raised or could have been raised in a previous action.  Plaintiff previously brought the claims made in this action in the District Court for the District of Arizona, where Plaintiff's third amended complaint was dismissed without leave to amend for failure to state a claim upon which relief can

United States District Court
Northern District of California

be granted.  *See Tauscher v. Donison*, No. CV-20-02014-PHX-GMS, 2021 WL 3565738 at *2 (D. Ariz. Aug.12, 2021), *appeal dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)*, 2021 WL 7209749 (9th Cir. Dec. 6, 2021), *cert denied,* 142 S. Ct. 2822 (June 13, 2022).

Res judicata, also known as claim preclusion, bars re-litigation of any claims that were raised or could have been raised in an earlier action.  *W. Radio Servs. Cp., Inc. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1992) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).  "For res judicata to apply, there must be: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties."  *Id.* (citing *Blonder-Tongue Lab. v. University of Ill. Found.,* 402 U.S. 313, 323-24 (1971).

Res judicata applies here.  In the previous action, Plaintiff alleged, among other things, civil rights violations, denial of equal rights under 42 U.S.C. § 1981, and gender discrimination under the Federal Fair Housing Law regarding her divorce proceedings in the Superior Court of Maricopa County.  *Tauscher v. Donison*, 2021 WL 3565738, at *2-3 (D. Ariz. Aug.12, 2021).  Plaintiff now alleges the same claims under similar legal theories: denial of equal rights under 42 U.S.C. §1981 and sex discrimination under the Respect for Marriage Act.  (Dkt. No. 1 ¶¶40-49.)  The claims are identical in that they arise from the same transaction—the proceedings regarding dissolution of Plaintiff's marriage in Maricopa County Superior Court.  In addition, when the Arizona District Court dismissed Plaintiff's third amended complaint with prejudice for failure to comply with Federal Rules of Civil Procedure Rule 8, it was a final judgment on the merits.  *See* Fed. R. Civ. P. 41(b).  Finally, Defendant and all unnamed parties accused of wrongdoing in this case, including Plaintiff's attorney Pamela Donison, Donison's legal assistant Catherine Brunner, witness Brian Skow and the presiding judge, Judge Gerald Porter, were named in the previous case as well.  Thus, Plaintiff's claims are barred by res judicata.

### 3.  Leave to Amend Would Be Futile and Prejudice Defendant

Plaintiff also seeks leave to amend.  (Dkt. No. 8 at 2.)  When the complaint has been filed by a *pro se* plaintiff, as is the case here, courts must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt."  *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).  A court should not dismiss a *pro se* complaint without leave to amend unless it is "clear that the

United States District Court
Northern District of California

deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2010) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (per curiam)).  However, if one or more of the following are present, the court should not grant leave to amend: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by amendment, (4) undue prejudice to the opposing party, or (5) futility of amendment.  *Eminence Capital, LLC v. Aspen, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2009) (citing *Forman v. Davis,* 371 U.S. 178 (1962).)  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  *Id.*

### A. Undue Prejudice to Defendant

Granting leave to amend would result in undue prejudice to Defendant.  Res judicata, or claim preclusion, "relieve[s] parties of the cost and vexation of multiple lawsuits, conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication."  *Mpoyo v. Litton Electro-Optical Sys.,* 430 F.3d 985, 988-89 (9th Cir. 2005) (citations omitted).

Plaintiff first appealed her dissolution of marriage in the Court of Appeals of Arizona, where the court heard Plaintiff's objections to the decree of dissolution entered by the Superior Court of Maricopa County and affirmed the decree.  As explained in Section 2, Plaintiff then adjudicated her claims against Defendant and over 50 other defendants regarding her divorce proceedings in the District Court for the District of Arizona.  In that case, Plaintiff repeatedly failed to correct deficiencies in the complaint despite multiple opportunities to amend.  The court dismissed Plaintiff's third amended complaint under 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief can be granted.  *Tauscher v. Donison*, 2021 WL 3565738 at *2 (D. Ariz. Aug.12, 2021) *appeal dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)*, 2021 WL 7209749 (9th Cir. Dec. 6, 2021), *cert. denied,* 142 S. Ct. 2822 (June 13, 2022).  Moreover, Plaintiff appealed the case to the Ninth Circuit, which dismissed the appeal as frivolous.  Plaintiff even petitioned the Supreme Court for a writ of certiorari, which was denied.  Thus, granting leave to amend would cause undue prejudice to Defendant.

//

**B. Futility of Amendment**

Further, amendment would be futile because Plaintiff's pleadings cannot be cured by the allegation of additional facts.  First, she cannot cure the lack of subject matter jurisdiction because any way one interprets her claims, she is challenging a final state court judgment.  Second, this is her second federal suit challenging the state court final judgment.  Thus, claim preclusion also bars her claims and cannot be pled around.

Because leave to amend would be futile and unduly prejudice Defendant, the Court denies Plaintiff's motion to leave to amend.

**4.   Plaintiff's Case Does Not Present Exceptional Circumstances Justifying the Appointment of Counsel**

There is no constitutional right to appointed counsel in civil cases.  *Lassiter v. Dep't of Social Svcs.*, 452 U.S. 18, 25 (1981); *see also Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) ("[T]he appointment of counsel in a civil case . . . is a privilege and not a right.").  Under "exceptional circumstances," the Court may appoint counsel for indigent civil litigants pursuant to 1915(e)(1).  *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).  "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his or her claim pro se in light of the complexity of the legal issues involved.'" *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  "Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)

Having considered both factors, Plaintiff has not demonstrated a likelihood of success on the merits or any difficulty due to the complexity of the legal issues involved.  Thus, this case does not present "exceptional circumstances" justifying the appointment of counsel.

## CONCLUSION

For the reasons explained above, and having reviewed the Report and Recommendation de novo, the Court ADOPTS Judge Hixson's recommendation to dismiss without leave to amend.  This action is DISMISSED for lack of subject matter jurisdiction without prejudice and without leave to amend, and Plaintiff's request for appointment of counsel is DENIED.

United States District Court
Northern District of California

1    This Order disposes of Docket No. 5.

2    **IT IS SO ORDERED.**

3    Dated: September 25, 2023

JACQUELINE SCOTT CORLEY
United States District Judge

United States District Court
Northern District of California